UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HARRIS WYATT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1487 CDP |
| | ) | |
| LARRY CRAWFORD, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before me on review of the petition of Harris Wyatt for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is denied.

On June 16, 2017, a grand jury indicted petitioner on one count of third-degree domestic assault. *Missouri v. Wyatt*, No. 1711-CR01162-01 (St. Charles County). Petitioner is currently detained in the St. Charles County Department of Corrections (the "Department").

In his petition, petitioner maintains that he is being denied effective assistance of counsel from his court-appointed attorney. He says his attorney is conspiring with the court to keep him detained so that the Department "can receive money for [his] stay and get the conviction that they seek." He claims that he is innocent.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999).

Petitioner's claims can and should be raised at trial and any subsequent appellate and postconviction proceedings. As a result, there is no basis for granting relief in this action, and the petition is denied. *See* 28 U.S.C. § 2254 Rules 1(b), 4.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to pretrial habeas relief. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (Doc. 7) is **DENIED**.

An Order of Dismissal will be filed forthwith.

Dated this 3rd day of August, 2017.

                                            CATHERINE D. PERRY
                                            UNITED STATES DISTRICT JUDGE